UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                CRIMINAL CASE NO. 06-20142

v.

ANDRE LOYD,                HONORABLE PAUL V. GADOLA
                              U.S. DISTRICT COURT
                Defendant.
_____/

## ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA

On October 24, 2006, Defendant entered a guilty plea. Sentencing was first set for January 24, 2007 and was later adjourned to March 14, 2007. On March 12, 2007, counsel for Defendant, Attorney Barry Wolf, filed "Defendant's Motion to Withdraw His Guilty Plea." In the motion, Mr. Wolf stated that on or about March 6, 2007, he received correspondence from Defendant indicating that Defendant wanted to withdraw his guilty plea.

Parties appeared before the Court on March 14, 2007 at the time scheduled for sentencing. At the hearing, Defendant stated that he had problems with his counsel, Mr. Wolf, and that he did not fully understand his rights under the plea agreement. At the hearing, the Court decided that it would be appropriate for independent counsel to represent Defendant on this single issue of the possible withdrawal of the guilty plea. On March 15, 2007, the Court issued a written order that stated in relevant part:

> After hearing the positions of the parties, it was determined by this court that before this matter could proceed, a separate attorney should be appointed to represent the defendant on the limited issue of his Motion to Withdraw his Guilty Plea and that a hearing on said motion should be scheduled for a future date. Accordingly, IT IS

> HEREBY ORDERED that the Federal Defender Office appoint a second attorney to represent the defendant on the limited issue of the withdrawal of his guilty plea. A hearing on this motion shall be set for April 5, 2007 at 10:00 a.m.

Order, Docket Entry 24 (Mar. 15, 2007). The hearing on the motion to withdraw the guilty plea was later adjourned to May 29, 2007. Attorney Joan Ellerbusch Morgan was appointed as Defendant's attorney for this motion to withdraw. At the May 29, 2007 hearing, counsel presented witness testimony and made oral arguments.

Federal Rule of Criminal Procedure 11(d) states: "A defendant may withdraw a plea of guilty or nolo contendere . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Civ. P. 11(d)(2)(B). The Court of Appeals for the Sixth Circuit has set out a number of factors that may be used in determining whether a defendant has given a fair and just reason for withdrawal of his guilty plea, which include:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007).

For all the reasons stated on the record at the May 29, 2006 hearing, the Court finds that Defendant has failed to show that there is a fair and just reason for withdrawal of his guilty plea and that the seven factors as set out in *United States v. Dixon* weigh against Defendant's position. Here, Defendant did not hastily enter a plea with an "unsure heart and confused mind," and the Federal

Rules of Criminal Procedure do not permit Defendant "to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Dixon*, 479 F.3d at 436 (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)).

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to withdraw his guilty plea [docket entry 23] is **DENIED**.

Additionally, at the May 29, 2007 hearing, Defendant indicated that he no longer wished to have Mr. Barry Wolf as counsel. Defendant also indicated that he would be satisfied with legal representation by Ms. Joan Ellerbusch Morgan. **ACCORDINGLY, IT IS HEREBY ORDERED** that Mr. Barry Wolf is removed as counsel in this matter, and that Ms. Joan Ellerbusch Morgan is appointed as counsel for Defendant.

**IT IS FURTHER ORDERED** that a sentencing hearing in this matter is scheduled for Thursday, June 7, 2007, at 10:00 a.m.

**SO ORDERED.**


Dated:   May 30, 2007               s/Paul V. Gadola
                                    HONORABLE PAUL V. GADOLA
                                    UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on May 30, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
Robert W. Haviland; Joan E. Morgan; Barry Wolf, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: .

                                                                                                   s/Ruth A. Brissaud
                                                                                                   Ruth A. Brissaud, Case Manager
                                                                                                   (810) 341-7845